Nov. Term,
1851.

LARSH
v.
BROWN.

-------------------

## LARSH v. BROWN.

The answer put in to a bill requiring an answer without oath, cannot operate as evidence for the defendant.

Saturday,
December 6

ERROR to the *Union* Circuit Court.

BLACKFORD, J.—This was a bill in chancery filed by *Larsh* against *Brown,* in 1849.

The bill states that the parties had been in partnership in the business of milling; that the partnership was dissolved; and that a certain large sum was due from the defendant to the complainant on account of the partnership business. The bill prays that the defendant answer *without oath,* and make a full answer of all the partnership accounts.

The defendant answered the bill without oath. The answer admits that the partnership had existed, and had

been dissolved, as stated in the bill. But the answer denies that the defendant was indebted to the complainant on account of the partnership business. The answer contains accounts of the partnership business, and, according to those accounts, the complainant is largely indebted to the defendant.

Replication in denial of the plea.

The cause was tried by a jury. Verdict for the defendant for 50 dollars and 45 cents; and a final decree rendered against the complainant for that sum. ..

On the trial, the complainant asked the Court to charge the jury as follows:

1. The answer is no evidence of the partnership dealings, in order to have the same allowed.

2. The defendant's answer and his account stated are no evidence whatever of their truth; and said account and answer require the same proof as any other pleading which is denied, so far as the partnership is concerned.

These instructions were refused.

The defendant asked the Court to give the following instruction:

As the complainant has called on the defendant to state an account of the profits, his statement of it is evidence, and should be taken for true, unless it has been impeached and disproved by at least one witness, or circumstantial evidence.

This instruction, asked for by the defendant, was given.

The statute says, that where the bill prays that the defendant answer without oath, the answer shall operate only as a denial of the allegations and charges in the bill, and, in such cases, the complainant shall not be required to substantiate the allegations and charges in his bill by more than one witness. Acts of 1847, p. 60.

We think that, under that statute, the instruction asked by the complainant should have been given, and that asked by the defendant should have been refused. The answer put in to a bill requiring an answer without oath, cannot operate as evidence for the defendant.

Nov. Term,
1851.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*J. Perry* and *J. Yaryan*, for the plaintiff.

*J. S. Newman* and *J. S. Reid*, for the defendant.